**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

CHRISTOPHER DURENE HARPER, #1490667,

                      Petitioner,

v.                                            Action No.  2:18cv522

HAROLD W. CLARKE,
Director of the Virginia Department of Corrections,

                      Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on Christopher Durene Harper's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold W. Clarke, Director of the Virginia Department of Corrections ("respondent").  This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.  For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **DENIED,** and that the petition be **DISMISSED WITHOUT PREJUDICE** to proceed in state court.

## I.      STATEMENT OF THE CASE

Christopher Durene Harper ("Harper") is an inmate currently housed with the Virginia Department of Corrections pursuant to judgments issued by the Circuit Court for the City of Norfolk.  ECF No. 1 at 1–2; ECF No. 13-1 at 1–7.  As discussed below, the events giving rise to Harper's multiple convictions and his federal habeas petition stem from an August 25, 2012

robbery of a Hooter's restaurant in Norfolk, Virginia by several persons. ECF No. 13-1 at 1, 4–5; ECF No. 13-2 at 2–3.

## A. Harper's Trial in Norfolk Circuit Court

Following a bench trial before the circuit court on August 16, 2013, the trial judge found Harper guilty of conspiracy, three counts of robbery, three counts of abduction with intent to extort money, and six counts of using a firearm in the commission of a felony.[1] *Commonwealth v. Harper*, No. CR12003831-00 through 03, and CR13001818-00 through 12 (Va. Cir. Dec. 15, 2015), ECF No. 13-1. After a post-trial hearing on August 3, 2015, the trial judge denied Harper's motion to rehear the case and grant a new trial. R. (disc one) 79–81, 438.[2]

On December 4, 2015, the trial judge imposed the following sentences: (a) two counts of robbery – ten (10) years on each count; (b) one count of robbery – five (5) years; (c) conspiracy – five (5) years; (d) three counts of abduction – twenty (20) years on each count; (e) use of a firearm during a felony – three (3) years; (f) five counts of use of a firearm during a felony – five (5) years on each count. ECF No. 13-1 at 1–2, 4–5. The trial judge suspended 83 of the combined total sentence of 118 years, resulting in a total active sentence of 35 years. *Id.* at 2, 5–6. Following the appeal discussed below, on November 2, 2017, the trial judge vacated findings of guilt and the corresponding sentences imposed for one abduction count (twenty (20) year suspended sentence) and one firearm count (five (5) year active sentence). R. (disc two) 1025–26. This reduced Harper's total active sentence of incarceration from 35 to 30 years.

---

[1] One of the circuit court's two sentencing orders reflects that one count of abduction, one count of attempted robbery, and two counts of using a firearm in the commission of a felony were dismissed. ECF No. 13-1 at 5.

[2] "R." refers to the state court trial records provided to the Court on two compact discs, the pages of which (other than the index) bear numbers on the bottom center.

**B.      Harper's Direct Appeals**

Harper appealed his convictions to the Court of Appeals of Virginia, challenging the sufficiency of the evidence for all counts of conviction.  ECF No. 1 at 2; ECF No. 13-2.  The court granted his appeal only to consider the sufficiency of the evidence establishing more than one abduction and all six counts of using a firearm in committing a felony.  ECF No. 13-2 at 1.

A three-judge panel of the court of appeals accepted the Commonwealth's concession that one count of abduction and a related use of a firearm conviction should be reversed.  *Id.* at 1–2.  The court then addressed Harper's contention that the evidence supported only one count of abduction (namely, of a waitress who was moved at gunpoint from outside the doorway to the inside of the assistant managers' office).  *Id.* at 2–3.  The court agreed with Harper that the minimal movement of two assistant managers within the restaurant's office was incidental to the robbery and failed to support convictions for the separate offense of abduction with intent to extort money.  *Id.* at 3; *see Brown v. Commonwealth*, 337 S.E.2d 711, 713–14 (Va. 1985).  The court, however, found that the "forced movement" of a cook at another robber's direction towards the outer door of the office constituted abduction and supported Harper's conviction for two counts of abduction.  ECF No. 13-2 at 2–3.

The appellate court rejected Harper's contention that the evidence supported only three, rather than six, counts of using a firearm during the commission of a felony, associated with the robberies of the two assistant managers and the abduction of the waitress.  *Id.* at 4.  The court found that Harper's claim that the waitress was not robbed could not be considered as it fell outside those issues granted for appeal and was also procedurally barred due to Harper's failure to present it to the trial court.  *Id.*  Moreover, if the issue had been preserved and accepted for review, the court found that the waitress, as well as the two assistant managers, "were each subjected to

violence and intimidation to accomplish the goal of obtaining the money from the safe" in the office.  *Id.*  Accordingly, the court found that the evidence established that Harper, as a principal in the second degree, committed three robberies, and was properly convicted for three counts of using a firearm during those crimes.  *Id.* at 4–5.  The court also concluded that Harper's two convictions for abduction discussed above, also supported his conviction for the related two counts of using a firearm during those felonies.  *Id.* at 5.  For these reasons, the court affirmed in part, but also reversed Harper's convictions for one of the three abduction counts and one of the six firearm counts.  *Id.*; *see also* R. (disc two) 1027 (supplemental order dismissing the indictments for those two counts and remanding for modification of the trial court's sentencing order).

Harper appealed to the Supreme Court of Virginia, arguing that the court of appeals erred: (a) in declining to accept Harper's challenge to the sufficiency of the evidence on all remaining counts of conviction; (b) in finding the evidence sufficient to convict for robbery of the waitress; (c) in finding the evidence sufficient to convict for abduction of the cook; and (d) in finding the evidence sufficient to convict for more than two counts of using a firearm during commission of a felony.  SCV R.  9–10.[3]  That court refused the appeal on October 3, 2017.  *Id.* at 28.

**C.     Harper's Habeas Filings in State Court**

Harper did not seek collateral review in state court.  ECF No. 1 at 2.

**D.     Harper's Habeas Corpus Filings in this Court**

On September 18, 2018, Harper's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, was stamped "received" in the prison mailroom at the Red Onion State Prison. [4]  ECF No.

---

[3] "SCV R." refers to the paper record received from the Supreme Court of Virginia on May 3, 2019, *Harper v. Commonwealth*, No. 161820.

[4] The petition was filed conditionally in this Court on October 2, 2018, pending payment of the $5.00 filing fee, ECF No. 1, which the Clerk of Court received on January 2, 2019.  ECF No. 7.

1-1.  As conceded by respondent, ECF No. 13 at 2, Harper timely filed his federal habeas petition.

*See* 28 U.S.C. § 2244(d)(1)(A).  Harper contends that his imprisonment violates federal law and

the United States Constitution on three grounds.

First, Harper contends that the suppression of evidence by the prosecution violated his right

to due process under the Fourteenth Amendment of the United States Constitution.  ECF No. 1 at

9 (citing *Brady v. Maryland,* 373 U.S. 83 (1983)).  Harpers contends that, notwithstanding the

defense's filing of a motion for discovery, the prosecution withheld "police reports,

statements, . . . investigator[']s notes for all witnesses, co-defendants, and victims," and videotape

of the robbery.  *Id.* at 9–10.

Second, Harper asserts that his Sixth Amendment Confrontation Clause rights were

violated at trial when he was denied the opportunity to cross-examine the cook, the "Hooter's

Girl," and the manager with the first name of Amanda.  *Id.* at 14.  In spite of the fact that he stands

convicted of charges relating to these three victims, Harper asserts that they not only failed to

testify, but also their names, statements, and presence were withheld.  *Id.*

Third, Harper argues that appellate counsel[5] rendered ineffective assistance by failing to

argue on appeal that the prosecution improperly withheld victim, witness, and co-defendant

statements and notes of the testifying detective.  *Id.* at 16.

For the sake of simplicity, the Court will refer to these three claims as the due process,

confrontation clause, and ineffective assistance claims.

On December 4, 2018 and February 1, 2019, the Court ordered Harper to show cause why

his habeas petition should not be dismissed without prejudice to enable him to first seek habeas

---

[5] G. Anthony Yancey, Esq., represented Harper both at trial and on appeal.  ECF No. 9 at 4–5, 9–10; R. (disc one) 115.

review of those claims in state court.  ECF No. 5 at 3; ECF No. 8.  After initially responding that the Supreme Court of Virginia refused his petition for appeal, ECF No. 6 at 1–2, Harper subsequently attributed his failure to present these claims to that court to incorrect advice received from counsel that led Harper to believe that he was awaiting re-sentencing in the trial court.  ECF No. 9 at 2 (counsel "was misleading me [to] believe that I was waiting to be re-sentenced and that I couldn't move forward in my means for justice until after re-sentencing").  In so arguing, Harper arguably seeks to avail himself of the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), that his lack of counsel precluded the filing of a state habeas petition and permits him to bypass any procedural default for his ineffective assistance claim.

On April 11, 2019, respondent filed a document styled "Motion to Dismiss and Rule 5 Answer" to the petition, along with a supporting memorandum.[6]  ECF Nos. 11–13.  Harper did not file a response thereto.

## II.    ANALYSIS

Before addressing any of Harper's claims, the Court must determine whether he exhausted his remedies in state court, *see* 28 U.S.C. § 2254(b), and examine if the claims were procedurally defaulted in state court.  *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).  A federal court cannot grant a writ of habeas corpus to a person in custody pursuant to a state court judgment unless that person "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).

The exhaustion doctrine ensures that state courts have a meaningful opportunity to consider claims alleging constitutional violations before their presentation to a federal court.  *Rose v. Lundy*,

---

[6] The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Harper with notice of how to timely respond thereto and the potential consequences for failing to do so.  ECF No. 14.

455 U.S. 509, 515 (1982).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court."  *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

None of Harper's three claims has been exhausted in state court.  On direct review, Harper challenged the sufficiency of the evidence supporting his convictions before both the Court of Appeals of Virginia and the Supreme Court of Virginia.  ECF No. 13-2; SCV R 1–26.  Harper has not pursued any collateral review in state court.  Thus, his due process, confrontation clause, and ineffective assistance claims have not been presented to the state's highest court as required for exhaustion.  *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997), *abrogated in part on other grounds by Miller-El v. Dretke*, 545 U.S. 231, 241 (2005).

The time for Harper to file a state habeas petition, however, may not have expired.  Virginia law provides that petitions for habeas corpus "attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."  Va. Code Ann. § 8.01-654(A)(2).  After the Court of Appeals of Virginia vacated two of Harper's convictions and remanded for the trial court to re-sentence Harper, the Circuit Court for the City of Norfolk re-sentenced Harper on November 2, 2017.  *See* R. (disc 2) 1025–26.  Accordingly, Harper may have until November 2, 2019 to seek habeas relief in state court, two years from the date of final judgment in the trial court.  *See Burton v. Stewart*, 549 U.S. 147, 150–51, 156–57 (2007) (per curiam) (stating in dictum that the limitations period

for filing a federal habeas petition began to run when petitioner was re-sentenced); *Woodfolk v. Maynard*, 857 F.3d 531, 542–43 (4th Cir. 2017) (holding that the limitations period for filing petitioner's section 2254 petition began to run from the date of the judgment entered upon petitioner's re-sentencing, even though the petition challenged the underlying conviction). Because Harper may still be able to avail himself of collateral review in state court, his petition should be **DISMISSED WITHOUT PREJUDICE** to proceeding in state court.

### III.     RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **DENIED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** to Harper proceeding in state court.

### IV.     REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.     A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 7, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Christopher Durene Harper, #1490667
River North Correctional Center
329 Dellbrook Ln.
Independence, VA 24348

Fernando Galindo, Clerk

By_____
Deputy Clerk

October 8 , 2019